IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JABBAROV OYBEK JAMOLIVICH,<br>        Petitioners,<br><br>    v.<br><br>GEORGE W. BUSH, et al.,<br><br>        Respondents. | Civil Action No. 05-2112 (RBW) |

**RESPONDENTS' RESPONSE TO
MOTION TO DISMISS**

Petitioner has asked that this habeas corpus case be dismissed in light of the pendency of another, later-filed, habeas proceeding brought on his behalf, *Mohammon v. Bush*, C.A. No. 05-2386 (RBW). While respondents do not oppose dismissal of this matter, it should not be dismissed for the purpose of allowing another duplicative case to proceed.

For one thing, currently pending before the Supreme Court is the question of whether this Court has jurisdiction to consider either this case or *Mohammon*, both of which are habeas corpus proceedings brought by or on behalf of Guantanamo Bay detainees. *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007). If the D.C. Circuit's decision in *Boumediene* is affirmed, then both this case and *Mohammon* will have to be dismissed.

Second, if either of petitioner's habeas matters is to remain pending, it should be this one, because it was the first to have been filed. *See Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 352-53 (D.C. Cir. 2003). In *Handy*, which involved overlapping state court and federal court cases, the court held that decisions about which of two parallel proceedings will be allowed to proceed should be based on a number of equitable factors, and included the question

of which of the two was the first to have been filed among appropriate considerations.  Here, no considerations of equity weigh in favor of giving *Mohammon* any kind of priority over this case.  On the other hand, among the factors supporting dismissal of petitioner's claim in *Mohammon* in light of the pendency of this case is not only the fact that this case was filed before *Mohammon* but also the fact that *Mohammon* is a massive hodge-podge of claims made by many different petitioners.  Litigation of the *Mohammon* matter (if it is ultimately litigated on its merits) will likely prove quite complicated in light of that factor alone.

     For these reasons, the Court should enter an order providing that petitioner either pursue his habeas claim in this case or not at all.

Dated:  May 28, 2008

Respectfully submitted,

GREGORY KATSAS
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/   *Judry L. Subar*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
ROBERT J. KATERBERG
ANDREW I. WARDEN
JAMES LUH
NICHOLAS A. OLDHAM
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-3969
Fax:  (202) 616-8460
Attorneys for Respondents