IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 05-CV-2386 (RBW)<br>and<br>Civil Action No. 05-CV-2112 (RBW)<br><br>(Oybek Jamoldinivich Jabbarov, ISN 452) |

## STATUS REPORT FOR PETITIONER
## OYBEK JAMOLDINIVICH JABBAROV (ISN 452)

Now comes the Petitioner, Oybek Jamoldinivich Jabbarov, in response to the Court's Order of July 11, 2008, (Hogan, J.), and respectfully submits this Status Report.

### Background

Oybek Jamoldinivich Jabbarov is an Uzbek national who has been imprisoned at Guantánamo Bay since June 2002. He has been held in Camp V, in solitary confinement, since approximately June 2007. Mr. Jabbarov has a wife and two children. He has never laid eyes upon his youngest son, who was born shortly after Mr. Jabbarov was turned over to U.S. forces by soldiers from the Northern Alliance, most likely in exchange for a bounty.

<u>Mr. Jabbarov is cleared for release</u>. He received notice in February 2007 that he was "approved to leave Guantánamo, subject to the process for making appropriate diplomatic arrangements for his departure." Unfortunately, Mr. Jabbarov cannot be

safely repatriated to his native Uzbekistan, a country with a long and well-documented record of human rights abuses, including the widespread use of torture. Indeed, Mr. Jabbarov fits the very profile of someone who will face torture at the hands of Uzbek authorities and the stigma attached to his prolonged detention in Guantánamo will follow him home with dire consequences. Having been erroneously branded by the United States as an alleged member of the Islamic Movement of Uzbekistan, an outlawed extremist group that is especially loathed by the Uzbek government, Mr. Jabbarov should expect to face the harshest legal, even extra-judicial treatment, if returned to his native country.

Yet, despite the grave and obvious danger facing Mr. Jabbarov, the United States government refuses to rule out repatriating Petitioner to his native Uzbekistan. Nor will the U.S. government inform counsel as to whether or not Mr. Jabbarov is being considered for resettlement in a third country, although, according to the recent declaration of Ambassador Clint Williamson, filed in support of the Respondents' *Memorandum in Opposition to Petitioners' Motions for Preliminary Injunction Requiring Advance Notice of Transfer or Release from Guantánamo Bay* (05-cv-1836(RBW), dkt. #479, Ex. B - Williamson Declaration at p. 4), this diplomatic effort has met with little success to date.

Mr. Jabbarov does not want to be returned to Uzbekistan. He fears if he is returned to Uzbekistan he will be tortured. Mr. Jabbarov wants to be reunited with his family and resettled in a country that is free, safe, and democratic. In order to do so, he

seeks the great writ of *habeas corpus*, to gain his release from 6 ½ years of unlawful imprisonment and to clear his name.[1]

## ISSUES

Petitioner wishes to alert the Court to the following issues with respect to the status of this *habeas corpus* petition:

1.  **Duplicative Petitions:** Petitioner has a duplicative habeas petition (05-CV-2112) (RBW)), which he has moved to dismiss [dkt. #29]. Petitioner will pursue his *habeas corpus* petition in the *Mohammon* case (05-cv-2386 (RBW)). Respondents do not object. As such, petition 05-cv-2112(RBW) should be dismissed as it is duplicative.

2.  **Protective Order:** By way of agreement with Attorney Andrew I. Warden, counsel for the Respondents, the *habeas* Protective Order is operative with respect to Petitioner Jabbarov. Accordingly, undersigned counsel recently filed a *Memorandum of Understanding Regarding Access to Classified National Security Information and Acknowledgment* in *Mohammon* [dkt. 489]. Since the Respondents have agreed to the entry of the Protective Order with respect to Mr. Jabbarov, Petitioner's pending motions seeking entry of the Protective Order in *Mohammon* [dkt. nos. 165 and 433] are moot.

3.  **Thirty Day's Notice:** In keeping with the Court's Order of July 11, 2008, Petitioner filed notice with the Court (Misc. No. 08-442 (TFH), dkt. no. 63) and with Atty. Warden, counsel for the Respondents, requesting thirty day's notice from the government prior to any transfer of Petitioner from Guantánamo. If ever a detainee was in need of a 30 day notice order, it is Mr. Jabbarov.

---

[1] The notification received from the U.S. government indicating Mr. Jabbarov is "approved to leave Guantánamo" goes on to say that "such a decision does not equate to a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies."

4. **Unredacted Factual Return:** No factual return has been produced in Petitioner's *habeas* case. Petitioner has a motion pending in *Mohammon* [dkt. #306] calling on the Respondents to produce a complete unredacted factual return. Petitioner cannot possibly challenge the Respondent's erroneous and invalid designation of him as an "enemy combatant" without access to the entire, <u>unredacted</u> record put before the CSRT.

In Petitioner's DTA case (07-1176), Respondent's produced a classified and unclassified "counsel version" of Mr. Jabbarov's CSRT record. However, the classified "counsel version" of the CRST record contains many key redactions which significantly impede Petitioner's ability to attack the allegations which stand as the sole basis for Mr. Jabbarov's continued detention.

Petitioner filed a Motion in his DTA case (07-1176, dkt. #5) seeking production of the "government information" and/or the "government evidence," as well as any and all exculpatory evidence within the government's possession tending to show that Petitioner is <u>not</u> an enemy combatant. This motion is still pending. Petitioner requests that this Motion [dkt. #5] be transferred from the Court of Appeals to the District Court for a hearing on the merits. Petitioner also requests this Court order Respondents to provide a certification from each relevant agency (DoD, FBI, CIA, DoH, DoS) certifying that it has no exculpatory evidence in its possession.

5. **Petitioner's Correct Name:** Respondents incorrectly identified Petitioner by placing his last name first, as in Jabbarov Oybek Jamolivich. Furthermore, "Jamolivich" is a misspelling of Petitioner's middle name. Petitioner's correct name is

Oybek Jamoldinivich Jabbarov. Petitioner requests the docket and all future pleadings reflect his correct name.

Dated: July 18, 2008

                                          Respectfully submitted
                                          on behalf of Petitioner Jabbarov,

/s/ Michael E. Mone, Jr.
Michael E. Mone, Jr.
(MA BBO No. 634607)
ESDAILE, BARRETT & ESDAILE
75 Federal Street
Boston, MA  02110
(617) 482-0333

*Of Counsel*
Shayana Kadidal
Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

5

## CERTIFICATE OF SERVICE

     I, Michael E. Mone, Jr., certify that I today caused a true and accurate copy of STATUS REPORT FOR PETITIONER OYBEK JAMOLDINIVICH JABBAROV (ISN 452) to be served upon the following persons via this Court's Electronic Case Filing system:

          Terry Henry, Esq., Senior Trial Attorney
          Andrew I. Warden, Esq., Trial Attorney
          U.S. Department of Justice
          Civil Division, Federal Programs Branch
          20 Massachusetts Ave., NW, Room 7144
          Washington, DC 20530

This 18th day of July, 2008.

          */s/ Michael E. Mone*
          Michael E. Mone, Jr.
          (MA BBO No. 634607)
          ESDAILE, BARRETT & ESDAILE
          75 Federal Street
          Boston, MA  02110
          (617) 482-0333